**HERSHNER v DEIBIG, a Minor**

Ohio Appeals, 3rd Dist, Crawford Co.

No. 1398. Decided April 22, 1939

Calvin E. Knisely, Galion, for appellant.

Edward J. Myers, Bucyrus, for appellee.

## OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Crawford County, in an action for damages for personal injuries, pending therein, being Cause No. 19384 in said court, wherein the appellant, Florence Hershner was plaintiff and the appellee, Elizabeth Deibig was defendant. The judgment appealed from is one sustaining the first defense of the defendant, being a defense of res judicata to the cause of action set forth in the petition, and dismissing the petition.

On July 23, 1935, the appellant, Florence Hershner, filed her petition for damages for personal injuries sustained by her, in the Common Pleas Court of Crawford County, Ohio, against Grace Deibig and Elizabeth Deibig, said cause being numbered 18781 in said court.

On the same date, as shown by the return of the sheriff, summons was issued to the sheriff in said cause whereby he was commanded to notify Grace

Deibig and Elizabeth Deibig that they had been sued by Florence Hershner in the Court of Common Pleas of said Crawford County and must answer by the 24th day of August, A. D. 1935 or the petition of said plaintiff will be taken as true and judgment rendered accordingly. And in which said sheriff was directed to make due return of the summons on the 5th day of August, 1935.

The return of the sheriff on the writ mentioned, is as follows:

"Received this writ July 23, 1935 at 10:40 o'clock A. M. And on July 23, 1935, I served the within named Grace Deibig by personally handing her a true and certified copy thereof, with all the endorsements thereon. And on July 23, 1935, I served the within named Elizabeth Deibig by leaving for her at her usual place of residence a true and certified copy thereof with all the endorsements thereon."

The petition alleged that the cause of action arose on July 21, 1934, and further alleged that the defendant, Elizabeth Deibig, was a minor fifteen years of age.

On January 11, 1935, Florence Hershner, plaintiff in said action, filed a second amended petition and on July 20th, 1936, filed a third amended petition.

On September 1, 1936, being more than two years after the cause of action as charged in the petition arose, an alias summons was issued which, as shown by the return of the sheriff, commanded the sheriff to notify Elizabeth Deibig, a minor, and Grace Deibig the person having the care of said minor and with whom said minor lives (said Elizabeth Deibig, minor, having no guardian, father or mother) that they had been sued by Florence Hershner in the Court of Common Pleas of said Crawford County, and unless they answer by the 3rd day of October, A. D. 1936, the third amended petition of said plaintiff will be taken as true and judgment rendered accordingly.

The return of the sheriff, of said writ, made pursuant thereto, is as follows:

"Received this writ September 2, 1936, at 8:45 o'clock A. M. And on September 2, 1936, I served the within named Elizabeth Deibig, a minor, by personally handing to her a true and certified copy thereof with all the endorsements thereon, together with copies of petition, amended petition, second amended petition and third amended petition. And on September 2, 1936, I served the within named Grace Deibig, in behalf of minor, Elizabeth Deibig, the said Elizabeth Deibig having no father or mother and no guardian, and none could be found in my jurisdiction and said Grace Deibig having the care of said Elizabeth Deibig, minor, and with whom said minor did reside and live, by leaving for said Grace Deibig at her usual place of residence a true and certified copy thereof with all endorsements thereon together with copies of petition, amended petition, second amended petition and third amended petition."

This return was filed in the office of the clerk of courts on September 8, 1936.

On September 12, 1936, E. J. Myers, as guardian ad litem for said minor defendant Elizabeth Deibig, filed a motion to dismiss the third amended petition and all prior petitions, said motion being in the words and figures following, to-wit:

"Edward J. Myers, guardian ad litem for Elizabeth Deibig, a minor, defendant herein, appearing for the purpose of this motion only, and not in any way intending to enter the appearance of said minor, defendant herein, excepting as to this motion, and not intending to plead to the merits, moves the court to dismiss the third amended petition, and all prior petitions filed herein against said minor, for the following reasons, to-wit:

First. That as disclosed by the summons, return of summons herein and the pleadings, said defendant Elizabeth Deibig has not been served with pro-

cess as required by law, nor within the time fixed and limited by law."

On September 21, 1936, the plaintiff filed her fourth amended petition and on March 15, 1937, said E. J. Myers as guardian ad litem filed his demurrer to said fourth amended petition basing the same on the following grounds:

1. That it appears on the face of the petition that there is a misjoinder of parties defendant.

2. That separate causes of action against the defendants are improperly joined for the reason that the action against the defendant, Grace Deibig, is on the theory of respondeat superior, and the action against Elizabeth Deibig, a minor, is for her own alleged negligence.

On March 31, 1937, the court entered the following judgment on said motion and demurrer:

"This cause having come on for hearing before the court upon the motion of Edward J. Myers, guardian ad litem for Elizabeth Deibig, a minor, to quash service of summons, and said motion having been argued and submitted to the court upon the evidence and the court having taken said motion under advisement, after careful consideration thereof does sustain said motion to quash the summons and service of summons herein, which was attempted to be served upon said minor. Plaintiff excepts.

The court also heard said cause upon the demurrer filed herein by Edward J. Myers, guardian ad litem for Elizabeth Deibig, a minor, and the court being fully advised in the premises, and after careful consideration of said demurrer, does sustain said demurrer on the ground of misjoinder of parties defendant, and misjoinder of causes of action; to which plaintiff excepts.

The minor defendant, Elizabeth Deibig, is therefore, and hereby adjudged to go hence without day, and said minor defendant Elizabeth Deibig is dismissed from said action at costs of plaintiff.

It is therefore adjudged that the defendant Elizabeth Deibig recover from said plaintiff any and all costs herein incurred by her in this action, including a fee of $_____ to Edward J Myers, guardian ad litem, as part of the costs incurred on behalf of said minor, and for which judgment for costs including the fee to said guardian ad litem execution is awarded; to which plaintiff excepts.

Motion of plaintiff for a new trial overruled. To which plaintiff excepts.

Judgment against plaintiff for costs. To which plaintiff excepts."

From this judgment an appeal on questions of law was perfected to this court of appeals. On such appeal the judgment was affirmed, the writer of this opinion and Judge Crow of said court concurring in the judgment of affirmance on the sole ground that the demurrer of Elizabeth Deibig, by her guardian ad litem, to the petition was properly sustained for the reason that she was improperly joined as a party defendant with Grace Deibig, and separate causes of action against each of the defendants were improperly joined.

On April 24, 1937, said date being twenty-four days after the entry of the judgment of the Common Pleas Court in said action, hereinbefore mentioned, the appellant Florence Hershner who was also the plaintiff in said Cause No. 18781 in which said judgment was rendered, commenced the action involved in this appeal, by the filing of a petition and the issuing of summons thereon which was duly served on the defendant Elizabeth Deibig, a minor.

The instant action is founded upon the same acts of negligence upon which said Cause No. 18781 was founded, and the petition herein specifically alleges that this is the same case as Cause No. 18781. And the plaintiff further alleges that she has a right to maintain this action notwithstanding more than two years elapsed since the cause of action accrued, by virtue of the provisions of §11233 GC, for the reason that plaintiff failed in the prosecution of Cause No. 18781 otherwise than upon the merits of the cause.

Edward J. Myers, as guardian ad litem, files an answer herein wherein he pleads the prior action between the parties and alleges that there has been a full and complete final determination of all the issues and that the prior judgment is a finality and that there has been an adjudication. For his second defense the said guardian ad litem denies each and every allegation contained in the petition.

This cause was submitted to the Court of Common Pleas upon the defense of res judicata and the Common Pleas Court without the intervention of a jury entered judgment in favor of the defendant on said defense, from which this appeal is taken.

At the trial in the Common Pleas Court there was introduced in evidence the original papers, files and records in Cause No. 18781 above referred to, including a copy of the record in said case on the appeal to this court of appeals. And it was stipulated by the parties that in order to identify the minor Elizabeth Deibig that Edward J. Myers as guardian ad litem admits that the defendant Elizabeth Deibig in both Cause No. 18781 which originated in the Court of Common Pleas and who appears as one of the appellees in Court of Appeals Cause No. 1389, is one and the same person for and in behalf of which the said Edward J. Myers is the guardian ad litem and that it is the same plaintiff throughout. Those two cases, one in the Court of Appeals and one in the Common Pleas Court, there is the same plaintiff and the same Elizabeth Deibig is the defendant, which is called for trial this morning and that there was but one collision; and that was the collision in the original petition.

No further evidence was offered on behalf of either party, and the evidence and stipulations show the facts as hereinbefore stated.

It is the contention of the appellant on this appeal, that upon the undisputed facts in this case the judgment of the Court of Common Pleas should have been in favor of the plaintiff-appellant instead of against her.

The determination of this question involves a consideration of the pertinent provisions of §11233, GC, which provisions are as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by a defendant."

If the plaintiff in the instant case failed otherwise than upon the merits, in Cause No. 18781, above mentioned, involving the same cause of action, she is entitled to maintain the instant action as the instant action was brought within one year after the date of the judgment dismissing plaintiff's petition in her first action.

An examination of the judgment hereinbefore quoted discloses that said judgment purports to be entered upon the sustaining of the motion to quash the summons and service of summons therein, hereinbefore quoted, and also upon the sustaining of the demurrer to the petition upon the ground of misjoinder of parties defendant and misjoinder of causes of action.

An inspection of the so-called motion to quash reveals that the guardian ad litem in said motion expressly stated that he did not thereby intend to plead to the merits. Taking the guardian ad litem at his word the court treated the motion as a motion to quash service not constituting a plea to the merits and the guardian ad litem is thereby estopped from claiming that the judgment rendered on said motion is a judgment on the merits. The judgment of the Court of Common Pleas insofar as it sustained said motion and dismissed the said minor defendant

Elizabeth Deibig from said action, was therefore not a judgment on the merits.

"A dismissal of a defendant because of misjoinder of parties or causes, or both, is not a dismissal on ██ the merits and is not a bar to a subsequent action." **Hizar v Cowan, 51 Oh Ap 1.**

The judgment of the Court of Common Pleas insofar as it is based on the sustaining of the demurrer because of misjoinder of parties and causes and dismissing said minor defendant Elizabeth Deibig from said action was therefore not a judgment on the merits.

The judgment of the Court of Common Pleas in the former action did not therefore constitute a judgment on the merits on either of the grounds upon which it was based, and not being a judgment on the merits was not such an adjudication as would constitute a bar to the instant action and the court erred in sustaining said plea of res judicata. And the failure of the plaintiff in the former action being otherwise than upon the merits the plaintiff was entitled to begin and prosecute her instant action under the ██ provisions of §11233 **GC,** if her original action was commenced or attempted to be commenced within the meaning of said section.

The question as to whether the original action was commenced or attempted to be commenced was ██ not raised by the plea of res judicata in the instant case but as the Common Pleas Court treated this question as being raised, in its consideration of the case, we will also consider it.

The consideration of this question involves a consideration of the provisions of §11291 **GC,** with reference to service upon minor defendant. This section reads as follows:

"When the defendant is a minor the service of summons must be upon him, and also upon his guardian, or father, or, if neither can be found, upon his mother, or the person having the care of such infant, or with whom he lives. The manner of service must be the same as in the case of adults, and shall be made on such persons, in the order named herein."

From the record in this case it appears that on September 1st and 2nd, 1936, when the alias summons was issued the defendant Elizabeth Deibig had no guardian, or father or mother, and that the other defendant in the action, Grace Deibig, was her adult sister, having the care of the said minor defendant, and with whom she then lived.

There is nothing in the record showing the status of the minor defendant with reference to the various matters mentioned, at the time the first summons was served on July 23, 1935, but if the status of the minor defendant at the time of the first service of summons was the same as it was at the time the alias summons was issued and served, the first service as made comprehended the leaving for the minor defendant at her usual place of residence a true and certified copy of the summons with all endorsements thereon and the delivery at the same time of a true and certified copy ██ of the summons with all endorsements thereon to Grace Deibig, the sister of the minor defendant and the other party defendant to the action who, assuming the status of the infant defendant was the same, was the person having the care of such infant defendant with whom she lived, which was sufficient to notify both said minor and said sister Grace Deibig having the care of such infant defendant with whom she lived of the fact that both Grace Deibig and the minor defendant Elizabeth Deibig had been sued by the plaintiff Florence Hershner in said action in the Court of Common Pleas of Crawford County, Ohio. If this assumption is correct the first service conformed to the requirements of the statute except that the status of the minor defendant as a minor was not recited in the summons

nor in the return thereof. Such omissions could have been supplied by proper proceedings to amend the summons and return thereof, so that █ if the assumed state of facts existed the proceedings had on the first summons constituted at least an attempt to commence an action if they did not constitute the commencement of an action.

Taking into consideration the fact that the provisions of §11223, GC, supra, constituted an extension of a common law remedy as outlined in 37 C. J. at page 1082 et seq, and that such a statute is highly remedial and should be liberally construed in furtherance of its purpose, as held in the case of **Railroad Company v Dennis, 64 Oh St 26,** and that this section, which was formerly known as Section 23 of the Code of Civil Procedure, was amended subsequent to its original enactment to include within the classes of cases coming within its purview, actions attempted to be commenced as well as actions commenced, the question occurs, which we will not attempt to determine unless and until actually presented, whether the first service of summons on the minor defendant alone did not constitute an attempt to commence an action within the meaning of said §11223 GC.

For the reasons mentioned, the défense of res judicata as plead in the answer and as supported by the evidence did not constitute a defense to the petition and the court therefore erred in its judgment sustaining said defense and dismissing said petition, and for that reason the judgment will be reversed and the cause remanded for a new trial and further proceedings according to law.

In the retrial of said cause, in the event the same is retried, the question if raised as to whether the original action was commenced or attempted to be commenced, within the meaning of §11223 GC, is to be determined upon the pleadings as they then stand and the evidence that may then be adduced as to the status of the minor defendant Elizabeth Deibig at the time the first summons was issued and served in the original case, and other pertinent facts.

CROW, PJ. & KLINGER, J., concur.