**John W. KOWALEZYK**

v.

**J. R. WALSH et al.**

**Civ. A. No. 77–3426–Mc.**

United States District Court,
D. Massachusetts.

Dec. 26, 1979.

---

\* Counts III through IX charge additional violations of 18 U.S.C. §§ 2314 and 2.

John W. Kowalezyk, pro se.

Warren H. Pyle, Barry R. McDonough, David J. Hatem, Parker, Coulter, Daley & White, Bruce A. Singal, Asst. U. S. Atty., Boston, Mass., for defendants.

MEMORANDUM AND DECISION ON
DEFENDANTS' MOTIONS
TO DISMISS

McNAUGHT, District Judge.

This matter came on to be heard on motions to dismiss filed by the defendants Herbert L. Marx, Jr., Referee, J. R. Walsh, Senior Director of Labor Relations for Conrail, the successor in interest to the Penn Central Railroad, employer of the plaintiff John W. Kowalezyk, and Harold J. Buoy, president of the Blacksmith's Union of which plaintiff had been a member.

The history of this action is long and involved. A complaint was filed by the plaintiff on November 8, 1977. In it he sought review of an award of the National Railroad Adjustment Board. The principal ground of attack upon the complaint is the contention that attempted review of this particular award of the National Railroad Adjustment Board does not fall within the scope of this court's subject matter jurisdiction. Title 45, U.S.C. § 153 First (q).

The award sought to be reviewed was issued October 29, 1976. The plaintiff was an employee of the Penn Central Transportation Company, the predecessor of Conrail Corporation, of which the defendant J. R. Walsh is the Senior Director of Labor Relations. Before August of 1973 the plaintiff had been a blacksmith in the "B" Street Car Shop in South Boston. In June of 1973, the railroad determined that it would close the blacksmith facility at that location. Apparently, the plaintiff was entitled to the preservation of his employment under the terms of a Merger Protective Agreement. The railroad, however, had the right to transfer him to another location in the system where his type of work was available. Such work was available in Pennsylvania, and notices were posted on employee bulletin boards advising of the proposed transfer of one surplus blacksmith to that location. In July of 1973, after a meeting between a representative of the railroad and the General Chairman of the plaintiff's employee organization (International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers), the plaintiff was advised of his options, including transfer, resignation with a lump-sum allowance, furlough, and accepting the transfer with allowances. Apparently, plaintiff did not select an option during the time provided by the agreement between the railroad and the brotherhood. According to Section 3(b) of an Implementing Agreement [Exhibit 2 to the Memorandum of the Defendant J. R. Walsh in Support of his Motion], plaintiff forfeited his protection under the Merger Protective Agreement. On October 18, 1974, the plaintiff submitted his claim to the National Railroad Adjustment Board. The award of the Board, Second Division, dismissed the claim. The basis was that the claim which the plaintiff sought to assert before the Board was not prosecuted "internally." Plaintiff had not filed his claim with his Carrier within the period of time authorized, and the Carrier had not had the opportunity provided to pass upon it. Plaintiff filed his complaint. In February of 1978, a motion to dismiss was presented to another judge of this court. After hearing, that judge remanded the case to the National Railroad Adjustment Board "to determine whether plaintiff failed to process his grievances in a procedurally correct manner," and to determine whether Mr. Kowalezyk's claims were barred by limitations. Section 153 First (q) of Title 45 provides that a district court has jurisdiction to remand the proceedings to the Board for such further action "as it may direct."

After a hearing, the Board, Second Division, issued an award reaffirming the dismissal of the plaintiff's claim for failure to present the claims to the Carrier as prescribed in the National Railway Labor Act and as specified in the Agreement. The Board, through its Second Division, stated that, if the claims pertained to application of the Agreement, they should have been handled with the Director-Labor Relations. This second award, reconsidering the award on remand, was issued May 9, 1979. The award recites that the claimant was offered full opportunity to show that any of his claims were improperly processed, but that the claimant added no evidence to the existing record.

A motion to dismiss, rather than a motion for summary judgment, is the appropriate procedure for raising the defense of lack of subject matter jurisdiction. *Lefkowitz v. Lider,* 443 F.Supp. 352, 354–355 (D.Mass.1978). The usual practice under Rule 12(b)(6), under which consideration by the court of matters other than the complaint would convert the motion, to one for summary judgment under Rule 56 of the Rules of Civil Procedure, is not followed in this instance.

The district court is granted jurisdiction or power to review an award of any division of the Board under 45 U.S.C. § 153 First (q) if the division fails to comply with the requirements of §§ 153 through 188, or if the order of the division or Board is not confined within the scope of its jurisdiction, or if there has been fraud or corruption on the part of a member of the division making the order.

. . . On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of [45 U.S.C. §§ 153–188] (1970), . . . for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order.

This complaint does not fall within the exceptions; hence the findings and order of the division are conclusive on the parties, including the plaintiff. The scope of the jurisdiction of this court to review an award such as this under the Railway Labor Act is limited. *Gunther v. San Diego & Arizona Eastern Railway Co,* 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). *See also Union Pacific Railroad Co. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354, *reh. denied,* 439 U.S. 1135, 99 S.Ct. 1060, 59 L.Ed.2d 98 (1979). These cases stand specifically for the proposition that, unless the Board fails to comply with the Act, unless the Board acts outside its jurisdiction, or unless the decision is affected by fraud or corruption of a Board member, the plaintiff does not properly invoke the power of the district court to review the award. Here the award was based on procedural grounds, and the review requested does not fall within the statutory jurisdiction of this court. The plaintiff has had two opportunities to allege facts entitling him to relief before the Board, and two opportunities to present allegations which would allow this court to review the award. A third such attempt would be fruitless.

The defendant Herbert L. Marx, Jr. presided as Referee when the plaintiff's case was re-argued on October 6, 1978, before the Board's Second Division. His motion to dismiss is bottomed also on the proposition that he is not a proper party to this action, and that the complaint as against him, fails to state a claim on which relief may be granted. He is correct in his contention. In the matter before this court the aggrieved party should name his opponent(s) below as the defendant(s), rather than the Board, or the Referee of the Board. The Board functions as an adjudicatory tribunal. One who is involved in the process by way of making a decision does not become a litigant when the matter is submitted for review to this court. *Fong v. American Airlines, Inc.,* 431 F.Supp. 1340 (N.D.Ga.1977). Defendant Harold J. Buoy moves for dismissal for alleged failure on the part of the plaintiff to comply with an order of the district court requiring the filing of a more definite statement. Plaintiff attempted, at least, to comply with the order of the court, although he did not send a copy of his statement to the other parties. I would not dismiss on this ground. Defendant Buoy argues further that there is no merit to the claim advanced by the plaintiff and that there is a failure to set forth a claim upon which relief may be granted. Neither do I grant the motion on this ground because, assuming without deciding that Mr. Buoy was sued in his representative capacity as head of the union, of which plaintiff had been a member, and assuming without deciding that he is named properly

herein as a party, the complaint nevertheless must be dismissed as to him for the reasons that are equally applicable to the dismissal of the complaint as to the defendants Herbert L. Marx, Jr. and J. R. Walsh, namely this court's lack of jurisdiction over the subject matter. All of the motions to dismiss must be, and are therefore, allowed.