SIZEMORE, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as Sizemore *v.* Smith (1983), 6 Ohio St. 3d 330.]

(No. 82-105—Decided August 31, 1983.)

*Messrs. Fiehrer, Brewer & Cooney* and *Mr. Lawrence P. Fiehrer,* for appellee.

*Messrs. Millikin & Fitton* and *Mr. James E. Michael,* for appellant.

*Per Curiam.* The issue in this case is whether service of process by publication was proper pursuant to Civ. R. 4.4 (A) and R.C. 2703.14 (L). Resolution of this issue depends upon the answers to two questions: first, whether appellee exercised reasonable diligence in attempting to locate appellant and second, whether appellant kept himself concealed with the intent to avoid service of summons. Because this court finds that service of process was insufficient under the facts herein, the decision of the court of appeals is reversed.

Civ. R. 4.4 (A) sets forth the procedural requirements for obtaining service by publication as follows:

"Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained."

R.C. 2703.14 sets forth those categories of cases where service by publication is authorized by law. The present case was based upon subsection (L) which provides that service may be made by publication:

"In an action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with like intent."

From the plain and unambiguous language of Civ. R. 4.4 (A) it is axiomatic that a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication. If the defendant cannot be located, plaintiff or his counsel may file an affidavit with the court. The required contents of the affidavit are amply set forth in Civ. R. 4.4(A): that defendant's residence is unknown and that it cannot be discovered with reasonable diligence. Such an averment in the affidavit gives rise to a rebuttable presumption that reasonable diligence was exercised. This court notes that, although there exists some measure of confusion on the point (cf. *Wilson* v. *Sinsabaugh* [1978], 61 Ohio App. 2d 224 [15 O.O.3d

365], with *Brown* v. *Gonzales* [1975], 50 Ohio App. 2d 254 [4 O.O.3d 220]), facts demonstrating the diligence used to ascertain the address of the defendant are not required to be set forth in the affidavit itself. However, a bare allegation in an affidavit is not conclusive on the subject. Plaintiff, when challenged, must support the fact that he or she used reasonable diligence.

In the present case, the trial court allowed appellee to present evidence with respect to the diligence used. Such evidence demonstrated that appellee made only two attempts to locate appellant's address. First, he contacted the post office and was unable to secure a forwarding address. Secondly, counsel contacted his own client. This court concludes that such minimal efforts do not constitute reasonable diligence.

Black's Law Dictionary (5 Ed. 1979), at 412, defines "reasonable diligence" as "[a] fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity." As indicated by the above definition, what constitutes reasonable diligence will depend on the facts and circumstances of each particular case. A careful examination of appellee's efforts demonstrates that they were perfunctory. While the post office was a good place to begin, it is not a locating service. The trial court took judicial notice that post office regulations allow mail to be forwarded only for a period of one year after a change of address. The accident occurred on June 18, 1976. Appellant moved in September of that year. Service was attempted on February 23, 1978, some twenty months after the accident and seventeen months after defendant-appellant's change of residence. Thus, it is clear that the one-year forwarding period of the postal service had already expired at the time service was attempted. Appellee was or should have been aware that, because of the substantial gap in time, postal records might be of limited assistance in locating appellant.

It would be poor policy for this court to hold that such efforts constituted reasonable diligence. If appellee's efforts satisfied the standard it would be difficult for a plaintiff to ever fail that test. Reasonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address. Certainly a check of the telephone book or a call to the telephone company would hold more promise than a contact of one's own client. Other probable sources for a defendant's address would include the city directory, a credit bureau, county records such as the auto title department or the board of elections, or an inquiry of former neighbors. These examples do not constitute a mandatory checklist. Rather, they exemplify that reasonable diligence requires counsel to use common and readily available sources in his search.

In addition, before service may be made by publication it must be authorized by law. For purposes of this case, such service is authorized only if the defendant has kept himself concealed with the intent to avoid the service of a summons. The court of appeals found that appellant's change of residence, with knowledge of a potential claim against him, gave rise to the

inference that appellant was keeping himself concealed. This court agrees with the proposition that where reasonable diligence has been exercised and a defendant still has not been found there arises an inference of concealment. See *Rasmussen* v. *Vance* (1973), 34 Ohio Misc. 87 [63 O.O.2d 400].

In this case it is undisputed that appellant knew or should have known of a possible claim against him at the time of his change of residence. Appellant moved from a residence bearing an Oxford address to one having a Hamilton address. This is sufficient to raise the inference of concealment to avoid service of process. However, this inference was challenged by appellant in his motion for summary judgment and rebutted by the affidavit attached to that motion. Appellant's affidavit stated that he had been a Butler County resident all of his life and that since the date of the accident he had not departed from the county for any period greater than one week. This evidence is undisputed. In response to appellant's averments, appellee submitted no evidence whatsoever to show that the requirements of R.C. 2703.14 (L) were satisfied.[1] To hold otherwise would impose an affirmative obligation upon a potential defendant in a civil suit to make his new address available to any potential plaintiff. The statute places no such burden on a defendant. Consequently, the present case is not one in which it has been established that service by publication was authorized by law.

For the foregoing reasons, the judgment of the court of appeals, holding that process was sufficient, is reversed and remanded for proceedings not inconsistent with this opinion.[2]

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and HOLMES, JJ., concur.

---

[1] The Court of Appeals for Franklin County engaged in this analysis in *Wilson* v. *Sinsabaugh* (1978), 61 Ohio App. 2d 224 [15 O.O.3d 365]. There, the court remanded the case for further consideration because no determination had been made on whether the requirements of R.C. 2703.14 (L) had been met. It should be noted that the issue of whether reasonable diligence had been used unsuccessfully to determine the defendant's address was not litigated.

[2] It should be noted that the only issue presented to this court in the present case is whether service of process was sufficient. No issue was raised and no arguments were presented as to whether the trial court's dismissal of plaintiff-appellee's cause of action was appropriate in light of the fact that defendant-appellant had actual knowledge of the cause and appeared in court to answer and raise defenses.

Inasmuch as this issue was not raised or argued in the present case, this court expresses no opinion as to whether the trial court had personal jurisdiction over the defendant. It has long been the policy of this court not to address issues not raised by the parties. *F. Enterprises, Inc.* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 163 [1 O.O.3d 249]. This court should be hesitant to decide such matters for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.

WEBER, J., concurs in part and dissents in part.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

WEBER, J., of the Second Appellate District, sitting for LOCHER, J.

WEBER, J., concurring in part and dissenting in part. I concur in that part of the judgment which holds that appellee has not exercised reasonable diligence in attempting to locate appellant so that service by publication would be authorized by law. I concur in the reversal of the court of appeals to that extent.

I dissent from that part of the judgment which permits the common pleas court judgment to remain undisturbed which orders that "the plaintiff take nothing and the action be dismissed for failure of service of process."

The trial court, having found that process was insufficient or that service of process was insufficient, should order plaintiff to issue an alias service, not dismiss the action. However, should the trial court decide to dismiss the action, as in this case, the order should have been limited to the dismissal of the action for insufficient service of process or insufficient process. It should not have ordered that *the plaintiff take nothing.*

This court, and our judicial system, should encourage the determination of each case on the substantive law applicable, rather than by rigidly applying procedural rules. Justice demands that a court reach the merits of a case rather than allow its resolution on a technical procedural question.

This position is in accord with Civ. R. 41 (B)(4) which reads: "Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall *operate as a failure otherwise than on the merits.*" (Emphasis added.)

The insufficiency of service of process, as in the present case, involves a question of "jurisdiction over the person" under Civ. R. 41 (B)(4) and should not result in a dismissal of the action with finality.

If the order had simply read, "It is ordered and adjudged that the action be dismissed for insufficiency of service of process," Civ. R. 41 (B)(4) would protect the rights of the parties to be heard on the merits. The reversal of the court of appeals, which results in the reinstatement of the judgment of the trial court, would not then preclude a trial on the merits in a new case which at least arguably may now be prevented under the theory of *res judicata.*

It is therefore my view that the judgment of the court of appeals holding that process was sufficient should be reversed, and the cause remanded to the trial court to permit alias service of process and for further proceedings.

C. BROWN, J., concurs only in the dissenting portion of the foregoing opinion.

CLIFFORD F. BROWN, J., dissenting. In my view, the service of summons

by publication was sufficient and valid. "Reasonable diligence" to ascertain the residence of defendant was made by the plaintiff. The court of appeals correctly noted that "reasonable diligence" as defined by Black's Law Dictionary (5 Ed. 1979), at 412, means, "[a] fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity."

"Reasonable diligence" does not require an exasperatingly intense effort be focused on the discovery of a defendant's address but only that fair and proper care be used "[in] reference to the particular circumstances." This reference to the circumstances is an important element in the case presently before the court. In this case the appellant had known almost twenty months before institution of suit that he had been involved in an accident in which he injured the appellee's husband. He knew appellee's husband had made contact, through counsel, with his insurance agency. In the face of all this pressure of a pending lawsuit the appellant moved his residence less than three full months after the accident.

The court of appeals found the fact of appellant's move and his failure to give any notice of this move to appellee or provide a forwarding address at his post office as evidence of an attempt by the appellant to conceal himself and avoid service of process.

This court holds that the efforts of the plaintiff to ascertain the residence and whereabouts of the defendant did not constitute "reasonable diligence." However, in an opinion which will create future confusion for the Bench and Bar, this court sets no standards and gives no combination of facts which would constitute "reasonable diligence" to make service by publication valid. The court's decision today should make one guess that "reasonable diligence" to satisfy this court, for a valid service by publication, might mean that every plaintiff or his counsel should become a Sherlock Holmes or employ his exhaustive expert investigative techniques, perhaps supplemented by a trained dog with a keen scent, in attempting to locate the residence of every elusive defendant before service by publication is attempted.

Certain salient procedural facts should be noted in appraising the validity of the trial court's dismissal of the action. Defendant filed a motion for summary judgment asserting insufficiency of service of process by publication on defendant and that the "legal basis for this motion is that the Court lacks jurisdiction of the person of this defendant," and further stating that "[t]his motion is made pursuant to Rule 56 (B)." An affidavit of Vernon Smith was attached. The trial court noted that the action came on for hearing upon the motion for summary judgment, and entered summary judgment in the following language:

"It is ordered and adjudged that the plaintiff take nothing and that the action be dismissed for failure of service of process."

The arguable insufficiency of service of process on defendant was not

subject to a motion for summary judgment. This is apparent upon analyzing Civ. R. 56 (B) upon which defendant posited his motion which reads:

"A party against whom a claim * * * is asserted * * * may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. * * *"

Defendant's attack was on the sufficiency of process upon himself. This challenge is properly covered by a motion to dismiss the complaint under Civ. R. 12 (B)(2) and (5) which read:

"(B)  Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person, * * * (5) insufficiency of service of process * * *."

The fifth sentence of Civ. R. 12 (B)[3] authorizes a motion to dismiss for failure to state a claim upon which relief can be granted (Civ. R. 12[B][6]) to be converted into a motion for summary judgment, but it does not authorize a motion to dismiss grounded on insufficiency of service of process (Civ. R. 12[B][5]) or lack of jurisdiction of the person (Civ. R. 12 [B][5]) to be converted into a motion for summary judgment. This is in accord with an extension of our holding in *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376 [23 O.O.3d 346], paragraph three of the syllabus, that a motion to dismiss on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face that the action is barred by such statute of limitations. Cf. *Scheer* v. *Air-Shields Inc.* (1979), 61 Ohio App. 2d 205 [15 O.O.3d 321].

The case here constituted a dismissal of the action for lack of jurisdiction over the person (Civ. R. 12[B][2]) for alleged insufficiency of service of process (Civ. R. 12[B][5]). A court is under a mandatory duty to dismiss a suit over which it has no jurisdiction. When a court must dismiss a case for lack of jurisdiction the court should not adjudicate the merits of a claim.

Since the granting of summary judgment is a disposition on the merits of the case, a motion for summary judgment is not the appropriate procedure for raising the defense of lack of jurisdiction. *Stanley* v. *Central Intelligence Agency* (C.A. 5, 1981), 639 F. 2d 1146; *Kowalezyk* v. *Walsh* (D. Mass. 1979), 482 F. Supp. 959. If a party files a motion for summary judgment for lack of jurisdiction over his person, the motion should be considered as a Civ. R. 12 (B)(2) motion, a motion which is determined otherwise than on the merits. *Kemper* v. *Rohrich* (D. Kan. 1980), 508 F. Supp. 444.

Even the defense of lack of jurisdiction over the subject matter (Civ. R.

---

[3] The fifth sentence of Civ. R. 12 (B) reads as follows:

"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

12[B][1]) is not appropriately raised by a motion for summary judgment. Summary judgment terminates the action on the merits whereas the motion to dismiss for lack of jurisdiction over the subject matter terminates the action other than on the merits. However, a court may treat a mislabeled motion for summary judgment as a motion to dismiss for lack of jurisdiction pursuant to Civ. R. 12 (B)(1). *Capital Industries-EMI, Inc.* v. *Bennett* (C.A. 9, 1982), 681 F. 2d 1107; *Mortorano* v. *Hertz Corp.* (E.D. Pa. 1976), 415 F. Supp. 295.

Even where a trial court's order dismisses the case for want of jurisdiction grounds as well as for a failure to state a claim on which relief could be granted, the trial court should dismiss only on the jurisdictional grounds under Civ. R. 12 (B)(1) without reaching the question of failure to state a claim under Civ. R. 12 (B)(6). Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum. *Hitt* v. *Pasadena* (C.A. 5, 1977), 561 F. 2d 606.

In view of the unanimous sound judicial analysis by our sister, the federal judiciary, of the consequences of dismissal of an action for lack of jurisdiction over the person or for insufficiency of service of process, we must conclude that under Civ. R. 41 (B)(4) such dismissal "shall operate as a failure otherwise than on the merits." In that event the plaintiff has the right to take advantage of R.C. 2305.19, savings in case of reversal, and may file a new action within one year after the date of reversal by this court of the decision of the court of appeals.[4] See *Meisse* v. *McCoy's Admr.* (1867), 17 Ohio St. 225; *Hershner* v. *Deibig* (1939), 64 Ohio App. 328 [18 O.O. 134]; *Albers* v. *Great Central Transport Corp.* (C.P. 1945), 17 Ohio Supp. 116 [32 O.O. 200]. Denial to plaintiff of his right to file a new action under R.C. 2305.19 would and should invite a collateral attack by him of the dismissal in the federal court on the grounds of denial of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

Thus, our decision today approves manipulation of procedural rules by a defendant, perhaps better described as a game of cat and mouse. The only consequence is that the day of reckoning is postponed, so that the court avoids reaching a decision on the substantive law. Such is not the purpose of justice and of the judicial system. Cf. *Chadwick* v. *Barba Lou, Inc.* (1982), 69 Ohio St. 2d 222 [23 O.O.3d 232].

The court's decision, by approving dismissal of the action, conflicts with

---

[4] The pertinent part of R.C. 2305.19 provides:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *"

the rationale of our recent opinion in *Baker* v. *McKnight* (1983), 4 Ohio St. 3d 125, where service of summons was attempted upon a decedent, but after the statute of limitations had run service perfected on decedent's administratrix was deemed legally sufficient.

J. P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.

