OPINION
Defendant-appellant Lashawn Scott appeals the decision of the Youngstown Municipal Court which upheld the magistrate's decision to issue a writ of eviction in favor of plaintiff-appellee Youngstown Metropolitan Housing Authority (YMHA). For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
Appellant resided in public housing at 51 Wirt Street in Youngstown, Ohio. On April 23, 1999, YMHA served appellant with a thirty-day notice of intent to terminate her lease. The reason given was as follows:
 "You are in violation of your Dwelling Lease. Please refer to page 8, Items U, V and W of your Dwelling Lease.
 On April 13, 1999, you, Lashawn A. Scott, were arrested for permitting drug abuse. Confiscated items included (3) Guns, $234.00 U.S. Currency, 21 + rocks of suspected Crack Cocaine and marijuana."
Appellant failed to vacate after thirty days. Hence, on May 27, 1999, YMHA served appellant with a three-day notice to leave the premises. When appellant failed to leave, YMHA filed a complaint in forcible entry and detainer. This complaint had a box checked that revealed that appellant was in default for "serious or repeated violations of the terms of the lease as fully described on the attached notice of intent to terminate the lease." The complaint stated that the lease was not attached because appellant has an original copy of the lease.
Appellant was summoned to appear before the housing magistrate on July 19, 1999. The magistrate's docket entry for July 19 reads, "ADV." On July 20, the parties filed a stipulation of facts which concedes that appellant was properly served with the thirty-day notice of intent to terminate the lease, the three-day notice to leave the premises and the complaint. The stipulation of facts also stated:
 "3. On or about April 13, 1999, Eddie Bryant was arrested for drug possession in Ms. Scott's apartment. Confiscated were three guns, $234 in U.S. currency, 21 rocks of cocaine and marijuana.
 4. It is the uncontroverted testimony of Lashawn Scott that she had no knowledge that Eddie Bryant was in possession of the confiscated items."
On July 21, the magistrate signed a decision which stated that on July 19, the parties were present and the "cause was heard." The decision, which was time-stamped on July 26, 1999, ordered the writ of eviction to be issued. On July 29, appellant filed a timely objection to the magistrate's decision on the ground that the decision was based solely upon the stipulation which is insufficient to support a writ of eviction.
On August 20, 1999, the municipal court issued a judgment entry which overruled appellant's objection, ruling that appellant failed to comply with Civ.R. 53(E)(3) by neglecting to attach an affidavit or a transcript. Issuance of the writ was stayed by the municipal court pending the within timely appeal.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides:
 "THE TRIAL COURT'S ISSUANCE OF A WRIT OF EVICTION IS NOT SUPPORTED BY THE EVIDENCE."
Appellant's brief claims that when the case was called for hearing on July 19, the parties agreed to submit a stipulation of facts rather than proceed with a hearing. Appellant then argues that the stipulation of facts did not provide sufficient evidence upon which a writ of eviction could be ordered. Specifically, appellant complains that the clause of the lease allegedly violated by appellant was not in the evidence provided to the magistrate. Appellant notes that she did not stipulate that she knew that Mr. Bryant was in her apartment. She also notes that she did not stipulate that she knew that Mr. Bryant was in possession of the confiscated items. She concludes by inquiring how the magistrate could find that she breached her lease based on the stipulated facts when the lease was not part of the record.
 COMPLIANCE WITH CIV.R. 53(E)
The trial court overruled appellant's objection on the grounds that appellant failed to comply with the portion of Civ.R. 53(E)(3)(b) that provides, "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." On appeal, appellant does not mention the trial court's decision but solely contests the sufficiency of the evidence to support the magistrate's decision to issue the writ.
Appellant claims that there was no hearing and that the magistrate made its decision based on the stipulation of facts alone. If this is true, then there was no transcript available of the evidence submitted. Hence, appellant should have followed Civ.R. 53(E)(3)(b) and submitted an affidavit stating that the case was submitted on the stipulation alone. Without such an affidavit, the trial court was not informed that a hearing did not take place. Appellant's objection reads, "For cause, Defendant says that said decision was based solely upon the stipulation of the parties, also attached, which stipulation is insufficient to support writ of eviction." Although, this could be interpreted as a statement that a hearing did not occur, it could also be interpreted as an allegation that the court failed to consider the evidence presented at the hearing. It is apparent that it is the latter interpretation that prompted the trial court to decide as it did.
If a hearing did occur, then evidence of the lease's contents may have been presented. Additionally, if a hearing did occur, then the magistrate was free to disbelieve the testimony of appellant. In fact, a review of the record would lead a reasonable person to believe that a hearing was held. For instance, appellant was summoned to appear before the magistrate on July 19. That day, the housing magistrate placed "ADV." in the docket, which presumably means that the case was taken under advisement. Stipulations were not filed until the next day. These stipulations state that it was appellant's uncontroverted "testimony" that she had no knowledge that Mr. Bryant possessed the illegal items. It is odd that the stipulation signed by appellant's attorney contains the term testimony if the scheduled hearing did not take place. Moreover, the magistrate's decision explicitly states that the "cause was heard" on July 19.
Pursuant to Civ.R. 53(E)(3)(b), "[o]bjections shall be specific and state with particularity the grounds of objection." Appellant's one sentence objection to the trial court does not state with particularity the grounds of the objection. Appellant did not mention to the trial court that the lease was not made a part of the record. Also, as aforementioned, appellant did not explicitly inform the trial court that there was no hearing before the magistrate because the parties agreed to submit the case on the stipulation of facts. Appellant may read her objection as implicating the grounds that she expressly presents on appeal; however, Civ.R. 53(E)(3)(b) requires specificity and particularity with regards to the reasoning behind an objection. Bolli v. Bolli (Oct. 3, 1990), Mahoning App. No. 99-C-47, unreported, 2. "[A] general objection is insufficient to preserve an issue for judicial consideration." Staff Note to July 1, 1995 Amendment to Civ.R. 53(E). We also note that an alternative way by which appellant could have demonstrated the basis for the magistrate's decision was a request for findings of fact and conclusions of law under Civ.R. 52. See Civ.R. 53(E)(2).
 SUFFICIENCY OF THE EVIDENCE
Regardless, the magistrate could find that a writ of eviction was warranted without the actual lease being placed into evidence and without a showing that appellant had knowledge that Mr. Bryant possessed the confiscated items. Pursuant to Section 966.1, Title 24 of the Code of Federal Regulations, certain provisions must be prescribed in every lease between a tenant and a public housing authority. Although YMHA should put evidence of the relevant clause of the lease into the record, the court can take judicial notice of the contents of a regulation. Civ.R. 44.1(A)(3) (stating that the trial court can take judicial notice of a federal administrative regulation by informing itself of the regulation in such a manner as it deems proper). See, also, Sizemore v. Smith
(1983), 6 Ohio St.3d 330, 332 (noting that the trial court took judicial notice of a post office regulation).
The relevant regulation provides that a public housing tenant has the obligation to assure that a guest does not engage in drug-related criminal activity such as possessing drugs with an intent to sell or use them. Section 966.4(f)(12)(I)(B) and (ii), Title 24, C.F.R. If a guest engages in drug-related criminal activity, the tenancy may be terminated and the tenant may be evicted. Section 966.4(l)(2)(ii)(B), Title 24, C.F.R. There is no requirement in this regulation that the tenant have knowledge that the guest is engaging in the drug-related criminal activity.
Finally, the definition of a guest is a person who is in a unit with consent of the tenant or a household member. C.F.R. § 966.4(d)(1). Appellant's brief states, "It is not stipulated that the arrested person was there with the knowledge of Scott." We first refer back to the analyses supra addressing whether the issues of a hearing took place and appellant's failure to specifically point out this defense in her objection. Furthermore, appellant stipulated that Mr. Bryant was arrested for drug possession in her apartment and that the police confiscated three guns, money, 21 rocks of cocaine and marijuana. She then stipulated that she denies having knowledge that he possessed the confiscated items. These stipulations imply that Mr. Bryant was in her apartment with her consent. She had the burden to present evidence that the person who was arrested in her apartment was not there with the consent of a household member. If Mr. Bryant was inside her apartment during his arrest because he committed breaking and entering, then it was appellant's obligation to allege such a defense. It is unreasonable to hold that it is YMHA's burden to demonstrate that a person arrested for drug possession in a tenant's apartment is not a burglar. As such, there was some competent and credible evidence to support the magistrate's issuance of the writ of eviction.
For all of the foregoing reasons, appellant's assignment of error is overruled. Accordingly, the trial court's decision to overrule appellant's objection is affirmed.
 _____________________ VUKOVICH, J.
Donofrio, J., concurs.
Waite, J., concurs.