OPINION
{¶ 1} Although this case was originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellants, Scot Hedges and Bryon Yambrisak, appeal a default judgment entered by the Crawford County Common Pleas Court in favor of Plaintiff-Appellees, Marie and Barry Chartier. Appellants assert that Appellees were not entitled to service by publication pursuant to Civ.R. 4.4, and that without proper service the trial court lacked personal jurisdiction. Because Appellees failed to exercise reasonable diligence in attempting to locate Appellants, service by publication was ineffective to obtain personal jurisdiction. Accordingly, the trial court's judgment is void and must be vacated.
 {¶ 3} At the outset, we note that Appellees have failed to file an appellate brief in this matter. App.R. 18(C) outlines the consequences of the failure of an appellee to file a brief: "If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." "We cannot overemphasize the importance of filing a brief and caution parties against this neglectful approach to appeals."[1] Accordingly, we elect to accept Appellants' statement of facts and issues as correct pursuant to App.R. 18(C).
 {¶ 4} Facts, as reflected in Appellants' brief, are as follows: On May 1, 2002, Appellees filed a complaint against Appellants alleging that they had owned and operated a motor vehicle that collided with Marie Chartier's motor vehicle on May 6, 2000. On September 4, 2002, Appellees filed an affidavit for service by publication, pursuant to Civ.R. 4.4, averring that Appellants' addresses could not be located through reasonable diligence. On November 26, 2002, Appellees moved for default judgment, which was granted on December 9, 2002.
 {¶ 5} Appellants appeal the entry of default judgment, presenting the following two assignments of error for our review. Because the assignments are interrelated, they will be consolidated for purposes of analysis and resolution.
Assignment of Error Number One
 The Trial Court erred when it granted Default Judgment based upon service by publication which was inadequate, as a matter of law, because Plaintiffs' efforts to ascertain the residence of the Defendants did not rise to the level of reasonable diligence.
 Assignment of Error Number Two
 The Trial Court lacked personal jurisdiction over the Defendants since they were never properly served with the Complaint, and the Default Judgment rendered by the Trial Court is, accordingly, void as a matter of law.
 {¶ 6} "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[2] "It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void."[3] "A court has an inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity."[4]
 {¶ 7} Civ.R. 4.4(A) sets forth the procedural requirements for obtaining service by publication as follows: "(1) Except in an action governed by division (A)(2) of this rule, if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."[5]
 {¶ 8} "From the plain and unambiguous language of Civ.R. 4.4(A) it is axiomatic that a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication."[6] "In order to take advantage of the provisions permitting service by publication, plaintiff's counsel must first establish `reasonable diligence' in attempting to learn a defendant's address."[7] "Reasonable diligence requires taking steps that an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address and requires counsel to use common and readily available sources in the search, such as a check of the telephone book or a call to the telephone company, checking the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors."[8]
 {¶ 9} In the instant case, Appellees have failed to make a showing that reasonably diligent attempts were made to locate the Appellants' addresses. Appellees affidavit for service by publication represents that only two specific efforts were made to locate Appellants. First, Appellees attempted certified mail and were unable to secure current addresses. Secondly, they contacted Yambrisak's insurance carrier. InSizemore v. Smith, the Ohio Supreme Court concluded that such perfunctory efforts do not constitute reasonable diligence.[9] While the post office was a good place to begin, it is not a locating service and might be of limited assistance in locating a party.[10] Furthermore, courts have been reluctant to impose a duty upon insurers to actively assist plaintiffs in civil actions in obtaining service on the insured's customers who are named defendants.[11] It would be poor policy for this Court to hold that such efforts constituted reasonable diligence. The trial court's ruling effectively ratified and excused Appellees' failure to exercise reasonable diligence. This shortcutting of the proscribed methods of service should be discouraged. Therefore, because the trial court lacked personal jurisdiction over the Appellants, the entry of default is void and must be vacated.
 {¶ 10} Having found error prejudicial to the appellants herein, in the particulars assigned and argued, the judgment of the Crawford County Common Pleas Court is hereby vacated.
Judgment vacated.
 BRYANT, P.J., and CUPP, J., concur.
[1] Stuber v. Stuber (Apr. 9, 2003), Allen App. No. 1-02-65,2003-Ohio-1795, ¶ 2. See, also, State v. Lichtensteiger (Aug. 7, 2002), Van Wert App. No. 15-02-01, 2002-Ohio-4006, ¶ 10.
[2] Central Trust Co., N.A. v. Jensen (1993), 67 Ohio St.3d 140, 141, quoting Mullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 313-315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873-874.
[3] Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64. See, also, Cincinnati School Dist. Bd.of Edn. v. Hamilton Cty. Bd. ofRevision (2000), 87 Ohio St.3d 363, 366-367.
[4] Cincinnati, 87 Ohio St.3d at 368, quoting Van DeRyt v. VanDeRyt (1966), 6 Ohio St.2d 31, 36.
[5] Emphasis added.
[6] Sizemore v. Smith (1983), 6 Ohio St.3d 330, 331.
[7] Kraus v. Maurer (2000), 138 Ohio App.3d 163, 167, citing Sizemore,
supra, R.C. 2703.14, and Civ.R. 4.4(A).
[8] Id., citing Sizemore, 6 Ohio St.3d at 332.
[9] Sizemore, 6 Ohio St.3d at 332.
[10] Id.
[11] See, Kraus, 138 Ohio App.3d at 167.