JOURNAL ENTRY AND OPINION
{¶ 1} In this foreclosure action, defendants-appellants Penny and James Dixon were listed by plaintiff-appellee Huntington National Bank in its complaint as persons having an interest in the real property at issue. The Dixons appeal from the trial court's denial of their post-judgment motion, which sought both to vacate the order of sale of the property and, further, to challenge the bank's "Certificate of Readiness."
 {¶ 2} The Dixons present one assignment of error. Essentially, they assert the trial court abused its discretion in determining they were required to file a motion pursuant to Civ. R. 60(B) before their claim of lack of personal jurisdiction could be entertained.
 {¶ 3} This court agrees. Consequently, the trial court's order is reversed, and this case is remanded for further proceedings.
 {¶ 4} The record reflects the bank filed this action on March 6, 2006 seeking foreclosure of a property owned by Debra Dixon; apparently, she is the Dixons' daughter. The Dixons were listed among the defendants, since they had an interest in the property. Their address was set forth as "1215 Ramona Avenue" in Lakewood, Ohio. The bank made several attempts at service upon them at this address, which proved unsuccessful.
 {¶ 5} In April, the bank attempted certified mail service upon the Dixons at "11810 Lake Avenue, Lakewood, Ohio," but the mail was returned as *Page 2 
"unclaimed." Nothing in the record indicates where the bank obtained this address.
 {¶ 6} On May 16, 2006, the trial court issued an order that notified the bank service must be perfected by September 6, 2006 or the case would be dismissed pursuant to Civ. R. 4(E). Thus, in June, the bank attempted to serve the Dixons at the Lake Avenue address by regular mail; once again, the summonses were returned as "undeliverable/addressee unknown."
 {¶ 7} On July 6, 2006, the bank's attorney filed in the trial court an affidavit for service upon the Dixons by publication. He stated he checked the telephone listings, the post office and the "Credit Bureau Report," but could not ascertain the Dixons' whereabouts. On August 30, 2006, he filed his proof of publication.
 {¶ 8} On November 16, 2006, the bank filed motions for both summary judgment and default judgment on its complaint, together with a certificate of readiness. The case subsequently was set for hearing before a magistrate; the hearing was held on February 27, 2007.
 {¶ 9} On May 31, 2007, the trial court entered judgment on the magistrate's recommendation for the bank against Debra Dixon on the complaint for foreclosure. The court further issued a decree of foreclosure, and determined pursuant to Civ. R. 54(B) there was no just reason for delay. *Page 3 
 {¶ 10} On June 27, 2007, the trial court issued an order to the sheriff to sell the property. On July 11, a journal entry set the date of sheriff s sale for August 13.
 {¶ 11} On August 3, 2007, ten days before the sheriff's sale date, the Dixons filed a "motion to vacate" the order of sale, and additionally moved the court to strike the bank's "Certificate of Readiness." The Dixons argued in their motion that they had never been served with the complaint, and, further, that the bank had failed to exercise due diligence prior to seeking service by publication. They asserted a simple check of the county auditor's "web site" would have shown the bank their residence address. They attached to their motion as an unverified exhibit what purported to be proof of this assertion.
 {¶ 12} On August 14, 2007, the day after the scheduled sheriff's sale, the trial court issued a journal entry denying the Dixon's motion. The court indicated it would "entertain a properly filed motion for partial relief from judgment and a motion for leave to plead," if the Dixons wanted to file such motions.
 {¶ 13} The Dixons have filed a timely notice of appeal from the trial court's denial of their motion. They present one assignment of error.
 {¶ 14} "I. The trial court erred and abused its discretion in denyingappellants' motion to vacate where the affidavit of service bypublication failed to establish that Huntington checked readily *Page 4 available sources of public information, and exercise of reasonablediligence in checking such sources would have yielded appellants'current residence address."
 {¶ 15} The Dixons argue that the trial court's denial of their motion to vacate its earlier order to sell the property at sheriff's sale constituted error. Their argument has merit.
 {¶ 16} This court observed in a previous foreclosure action that an "averment in an affidavit to obtain service by publication that defendant's residence is unknown and cannot be discovered with reasonable diligence gives rise to a rebuttable presumption that reasonable diligence was exercised." Ridgewood Savings Bank v.Winters (Oct. 20, 1988), Cuyahoga App. No. 54215, citing Sizemore v.Smith (1983) 6 Ohio St.3d 330, 331 (Emphasis added). Thus, the presumption may be challenged. Id., citing Sizemore at 332. On these points, Sizemore remains good law. In re Thompkins, 115 Ohio St.3d 409,2007-Ohio-5238.
 {¶ 17} Strict compliance with Civ. R. 4.4 is required; otherwise, the trial court's judgment is void. Anstaett v. Benjamin, Hamilton App. No. C-010376, 2002-Ohio-7339, ¶ 17. This follows because it is axiomatic that for a court to acquire personal jurisdiction there must be proper service; a judgment entered without proper service is a nullity.Chartier v. Hedges, Crawford App. No. 3-03-01, *Page 5 
2003-Ohio-2686, ¶ 6.
 {¶ 18} When a judgment is challenged on the basis that the trial court lacked jurisdiction for failure of service, the proper course for the trial court to take is to hold a hearing on the motion. RidgewoodSavings Bank, supra. Only after the court determines that proper servicewas established, and, thus, the trial court had jurisdiction over the matter, may the defendants be required to file a Civ. R. 60(B) motion for relief from judgment. Id.; see also, C W Investment Co. v. MidwestVending, Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688; cf.,Anstaett, supra, ¶ 8.
 {¶ 19} In the instant case, the Dixons asserted the trial court lacked jurisdiction to enter the order of foreclosure and sale. They attached evidence to their motion to support their assertions, the evidentiary value of which the bank did not dispute. Nevertheless, the trial court simply denied their motion without a hearing. This constituted an abuse of discretion. Ridgewood, supra.
 {¶ 20} Accordingly, the Dixons' assignment of error is sustained.
 {¶ 21} The trial court's order is reversed, and this matter is remanded for further proceedings.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this *Page 6 
judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., CONCURS PATRICIA ANN BLACKMON, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)