{¶ 22} I respectfully dissent from the Majority Opinion. The Majority Opinion holds that when service by publication is challenged an evidentiary hearing is required, citing Ridgewood Savings v.Winters II.[1] I interpret Ridgewood Savings II differently and begin by looking at its history. In Ridgewood Savings v. Winters I, [2] the creditor-plaintiff filed with the trial court an affidavit for service by publication, wherein the affidavit merely averred that reasonable diligence to ascertain service had been attempted. The creditor did not state what sources it used to attempt service over the debtor. Debtor-defendant appealed, and this court remanded the case to the trial court holding *Page 7 
that creditor's bare allegation that it attempted to locate the debtor was insufficient to sustain its burden of proof that it used reasonable diligence to locate the debtor. In making its decision, this court relied on the Supreme Court of Ohio's decision in Sizemore v.Smith.[3]
 {¶ 23} In Sizemore, the Supreme Court of Ohio held that a bare affidavit averring reasonable diligence and nothing more is not enough; the creditor-plaintiff must support the fact that he or she used reasonable diligence by checking some or all of the following sources: telephone company, credit bureau, county records such as auto title department or board of elections, city directory, or an inquiry of former neighbors.[4] In Ridgewood Savings I and II, this court appeared to be concerned with the sufficiency of the affidavit, not whether a hearing was held or not. *Page 8 
 {¶ 24} Thus, the issue raised in this appeal is whether the affidavit of Huntington National Bank, herein after ("Huntington"), is sufficient as a matter of law or is a hearing required because the debtor challenged the sources used by the creditor. I believe the affidavit is sufficient as a matter of law under both Ridgewood Savings (I and II), and under the historical case law on the subject.[5]
 {¶ 25} A creditor is required to use reasonable diligence in its attempt to locate the party to be served and those sources should demonstrate a reasonable expectation of success in locating the party to be served. Huntington met this requirement in its affidavit. Huntington submitted a "reasonable diligence" affidavit to the trial court, which stated that Huntington attempted to serve the Dixons by certified mail at two separate addresses before attempting ordinary mail, and before finally resorting to service by publication. The affidavit also stated that Huntington checked with the telephone directory assistance, which indicated they had no listing. In addition, the affidavit stated that Huntington checked with the postal service, which indicated it had no forwarding address on file for the Dixons. Further, the affidavit stated that Huntington Bank checked *Page 9 
with the credit bureau, which indicated that they had no new address for the Dixons.
 {¶ 26} Consequently, no evidentiary hearing was required because Huntington provided an affidavit of its due diligence to locate the Dixons. The Dixons argue that Huntington failed to pick the correct source or the better source. The Supreme Court of Ohio has not held that one source is better than the other; it has held that when the residence is unknown and not discoverable, the party seeking publication service must demonstrate that it used reasonable diligence by using any of those various sources.[6]
 {¶ 27} In Ridgewood Savings v. Winters II, the party seeking service by publication filed a supplementary brief with supporting affidavits and exhibits to justify service by publication and the trial court upheld the service; no hearing on the challenge was held.
 {¶ 28} Consequently, I conclude that when an affidavit details the sources used to justify service by publication, the affidavit is sufficient and a hearing is unnecessary. I would affirm the trial court's decision.
[1] (Oct. 20, 1988), Cuyahoga App. No. 54215.
[2] (Sept. 4, 1986), Cuyahoga App. No. 52133.
[3] (1983), 6 Ohio St.3d 330.
[4] Id. at 331.
[5] In re Randolph, 11th Dist. Nos. 2003-T-0017 and 2003-T-018, 2005-Ohio-414, quoting First Bank of Marietta v. Cline
(1984), 12 Ohio St.3d 317, 318, citing Brooks v. Rollins (1984),9 Ohio St.3d 8; Kraus v. Maurer (2000), 138 Ohio App.3d 163.
[6] Sizemore v. Smith, supra. *Page 1