**KRAUS, Appellee,**

v.

**MAURER et al.; Allstate Insurance Company, Appellant.**

[Cite as *Kraus v. Maurer* (2000), 138 Ohio App.3d 163.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76172.

Decided June 19, 2000.

*Francis E. Sweeney, Jr.,* for appellee.

*Williams, Sennett & Scully Co., Matthew J. Grimm* and *Gina Desiderio Snow,* for appellant Allstate Insurance Company.

*Robert J. Foulds,* for defendant, Western Reserve Group.

MICHAEL J. CORRIGAN, Judge.

Nonparty appellant herein, Allstate Insurance Company, appeals from the order of the trial court directing that it turn over the contents of its claims file prepared on behalf of one of its insured to the plaintiff-appellee's attorney in order that the appellee's attorney could learn the identity of the appellant's insured and perfect service on a complaint that had been filed fifteen months prior to the court's order.

The instant complaint was filed on September 16, 1997, and included causes of action against Allstate's insured, Judith Belke, for negligent entrustment.[1] The appellee was unable to perfect service on appellant's insured for a period of approximately one year despite attempting service via certified mail on at least four occasions.[2] At the time of this appeal, the appellee had not attempted service via an alternative method, such as service by publication, and had not stated a reason for forgoing this method.

On September 9, 1998, almost a year after the filing of the lawsuit, the appellee caused a subpoena *duces tecum* to be served on an adjuster employed by the appellant. Service of the subpoena was attempted at the adjuster's place of business and it commanded that he "produce the entire claim file of your insured Judith Belke, regarding Policy No. 026696872."[3] On November 3, 1998, the appellee filed a motion to compel, which sought the production of the appellant's entire claim file. This motion was granted by the trial court on December 9, 1998. On January 19, 1999, the appellee filed a motion to show cause, which requested that the trial court find the appellant in contempt of court for failure to produce its claim file despite the court's order that it do so. On February 4, 1999, after entering an appearance for the limited purpose of responding to the motion to show cause, appellant's counsel filed a brief in opposition to the motion to show cause, as well as a motion for a protective order, wherein the appellant sought to quash the subpoena on the basis that the information requested was protected by attorney-client privilege and the work product doctrine and, also, for the reason that the subpoena was not issued in compliance with Civ.R. 45.

---

1. The complaint also included causes of action against the tortfeasor, Christine Maurer, who had been driving Allstate's insured's vehicle at the time of the accident. The appellee also failed to perfect service on Maurer.

2. Each attempt at service was returned by the clerk of court's office as "address unknown," "no such number," or "moved."

3. In its "Brief in Opposition to Plaintiff's Motion to Show Cause; Motion to Quash; Motion for Protective Order; Motion to Dismiss Plaintiff's Complaint," appellant's counsel averred that the adjuster in question, a Gary Evans, was no longer employed by appellant Allstate at the time the subpoena was issued.

This matter is before this court on an interlocutory appeal per the provisions of R.C. 2505.02(A)(4).

Only the appellant's third assignment of error clearly relates to a final appealable order under the language of the statute. Thus, this opinion will not address the first and second assignments of error. The first assignment of error states:

"I. Whether the trial court erred and committed reversible error as a matter of Ohio law when it failed to involuntarily dismiss appellee's complaint for failure to perfect service and/or commence the civil action within the deadlines established by Civ.R.3(A) and Civ.R.4(E)."

The second assignment of error states:

"II. Whether the trial court erred and committed reversible error as a matter of Ohio law when it failed to quash the subpoena issued at appellee's request for failure to perfect service as required by Civ.R.45(B)."

The third assignment of error upon which this appeal will be disposed states:

"III. Whether the trial court erred and committed reversible error as a matter of Ohio law when it ordered appellant to allow discovery of documents which are protected by the attorney–client privilege and/or attorney work product doctrine."

█ The appellee was unable to ascertain the address of the appellant's insured after several unsuccessful attempts at service via certified mail. Rather than attempting service via publication, as required by the Civil Rules, the appellee instead sought the intervention of the court to compel the production of the appellant's *entire* claims file so that the appellee could ascertain the whereabouts of the appellant's insured. The motion to compel did not include an affidavit stating the efforts made by the appellee's attorney to learn the correct address of the appellant's insured. The brief attached to the motion to compel also made no mention of the efforts, if any, made by the appellee and/or her counsel to learn the named defendant, Judith Belke's, address prior to seeking court intervention.

The Rules of Civil Procedure provide for service where the address of the named defendant is unknown. The appellee failed to avail herself of the method of service prescribed by the Rules of Civil Procedure and was, therefore, prohibited from obtaining a court order requiring that the insurer provide the appellee's attorney with the address of their insured.

To hold otherwise would undermine both the spirit and the letter of the Rules of Civil Procedure and would permit parties unfettered access to claims files prepared on behalf of opposing parties merely because an attorney is unable or

unwilling to perfect service via the methods required by the Rules of Civil Procedure.

■ In order to take advantage of the provisions permitting service by publication, plaintiff's counsel must first establish "reasonable diligence" in attempting to learn a defendant's address. *Sizemore v. Smith* (1983), 6 Ohio St.3d 330, 6 OBR 387, 453 N.E.2d 632; R.C. 2703.14; Civ.R. 4.4(A). Reasonable diligence requires taking steps that an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address and requires counsel to use common and readily available sources in the search, such as a check of the telephone book or a call to the telephone company, checking the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors. *Sizemore*, 6 Ohio St.3d at 332, 6 OBR at 389–390, 453 N.E.2d at 635. In the instant case, appellee's counsel has failed to make a showing that he used reasonable diligence to locate the appellant's insured. The trial court's ruling on the motion to compel effectively ratified and excused appellee's counsel's failure to exercise reasonable diligence as required by statute and the Civil Rules. This shortcutting of the proscribed methods of service should be discouraged.

This court is reluctant to impose a duty upon insurers to actively assist plaintiffs in civil actions in obtaining service on the insured's customers who are named defendants. To impose such an obligation would give rise to numerous ethical issues. For instance, if a plaintiff ultimately obtains a judgment against an insured in an amount greater than the insured's policy limits for which the insured is personally responsible and the insurer was instrumental in permitting service to be perfected on the insured, has the insured breached a fiduciary duty owed to the insured? What would be the obligation of the insured if the plaintiff decided that in addition to the address of the insured, he also needed additional information from the claims file, such as driving or medical histories. In Ohio, courts have traditionally permitted discovery of an insurer's claims files only in instances where bad faith is alleged or where a prevailing party seeks prejudgment interest. This court declines to expand upon this rule, especially in situations such as in the present case where the ends sought to be accomplished by the appellee are readily obtainable through other, more traditional, means.

■ It is abundantly clear that the claim file being sought is protected by both the "attorney-client privilege" and the "work product doctrine." The file is not being sought in concert with a bad faith claim and, therefore, is not discoverable. The trial court committed prejudicial error by ordering the appellant to turn over the contents of its claims file to appellee's counsel. Therefore, this assignment of error is sustained.

Judgment reversed. This matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SPELLACY, J., concurs.

TIMOTHY E. McMONAGLE, P.J., concurs in judgment only.