DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied a motion for a protective order and granted a motion for discovery in this action for breach of an insurance contract. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On June 28, 1999, a motor vehicle struck the building in which appellee, Joel Roggelin, operated his business, North Shore Pets. On December 8, 2000, appellee filed a complaint against the driver of the motor vehicle and appellant, Owners Insurance Company ("Owners"), mis-identified in the complaint as Auto-Owners Insurance Company. Appellee had a business owner's insurance policy with Owners and sought coverage pursuant to that policy for a claim for lost business income and a claim for roof damages.
 {¶ 3} Appellee sought production of the adjustor's insurance file with respect to his claim. Owners produced an expert report from an accounting firm as to the claimed business losses. Owners also identified two roofers and an independent adjusting firm who had determined that the claimed roof repairs were caused by poor maintenance and not the accident. Appellee filed a motion to compel discovery and Owners filed a motion for a protective order. Owners argued that certain portions of the claims file requested in discovery were privileged from discovery as work product or materials prepared in anticipation of litigation pursuant to Civ.R. 26(B)(3). In particular, Owners' motion sought protection of the adjuster's daily log[1] and an internal document prepared on September 13, 1999. This later document evaluated appellee's claim and recommended settlement of most but not all of his claim. The parties jointly applied to the trial court for an in camera review of the disputed material. Appellee filed a memorandum in opposition and Owners filed a reply memorandum. On January 22, 2002, the trial court denied Owners' motion for a protective order. Owners filed a timely notice of appeal.
 {¶ 4} Owners sets forth the following assignment of error:
 {¶ 5} "The ruling of the trial court to produce adjustor activity logs and internal memorandum addressing evaluation of claims made, setting of insurance reserves, conversations with experts and defenses without a showing of good cause in response to a blanket request for production of entire claims file before trial violates Civil Rule 26(B)(3) and constitutes an abuse of discretion in an action for breach of an insurance contract with no claim of bad faith asserted."
 {¶ 6} In its sole assignment of error, Owners argues that appellee failed to show good cause for discovery of documents prepared with an eye toward litigation and work product protected under Civ.R. 26(B)(3).[2]
Owners also argues that no exception to the work product doctrine such as a claim for prejudgment interest under R.C. 1343.03(C) or a claim alleging a bad faith denial of insurance coverage exists in this case. This court finds no merit in this assignment of error.
 {¶ 7} The management of discovery lies within the sound discretion of the trial court. State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, paragraph one of the syllabus. An appellate court reviews a trial court's ruling on a matter of discovery for an abuse of discretion. Daggett, supra, at 58; Glick v. Marler (1992),82 Ohio App.3d 752, 758. An abuse of discretion connotes an attitude on the part of the trial court that is arbitrary, unreasonable or unconscionable. Franklin Cty. Sheriff's Dept. v. State Emp. RelationsBd. (1992), 63 Ohio St.3d 498, 506. When applying this standard of review, an appellate court may not freely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-38.
 {¶ 8} Owners argues that absent a showing of good cause as required Civ.R. 26(B)(3), appellant may not obtain discovery of documents prepared in anticipation of litigation. Although that is a correct statement of law, the documents sought to be discovered must have been "prepared in anticipation of litigation" and not merely in the ordinary course of business. The case of Dennis v. State Farm Ins. Co. (2001),143 Ohio App.3d 196, relied upon by the trial court, is instructive.
 {¶ 9} In Dennis, insureds attempted to recover underinsured motorist benefits from their insurer. Id. at 198. The Dennis court noted that the rationale for prohibiting discovery of an insured's statements to his liability insurer is that the insurance company is required to take such statements from its insureds to prepare a defense; is normally required to provide defense counsel to the insured as part of its coverage; and such statements made by the insured in this context are in essence communications intended for defense counsel. Id. at 202. The Dennis court stated:
 {¶ 10} "The situation in the case at bar is quite different. This matter does not involve a third party attempting to obtain discovery of an insured's statements made to its own insurance adjuster or defense counsel. The insureds are attempting to depose a representative of their own liability carrier in a contract dispute over coverage issues. Although no Ohio cases appear to be directly on point, other jurisdictions have clearly distinguished third-party cases * * * from first-party contract dispute cases such as the instant one, and have allowed the insured to depose the adjuster and to have access to theclaims file. Tayler v. Travelers Ins. Co. (N.D.N.Y. 1998),183 F.R.D. 67, 70-71; Reavis v. Metro. Property Liability Ins. Co. (S.D.Ca. 1987), 117 F.R.D. 160, 164. (Emphasis added.)" Id.
 {¶ 11} The Dennis court further stated:
 {¶ 12} "The Tayler court reasoned that when an insurance company investigates a third-party claim it is doing so in defense of its insured with an eye towards litigation if the claim is denied. Id. On the other hand, an insurer's research into a typical uninsured motorists claim is done as part of its normal routine business pursuant to the contract that exists between the insured and the carrier. Id. `When a first party claim between an insured and his/her insurer is at issue, the insured "is asking for payment under the terms of the insurance contract between him and the insurance company, and the insurance company owes [the insured] a duty to adjust his claim in good faith. There is no initial contemplation of litigation."' Id., quoting Weitzman v. Blazing Pedals, Inc. (D.Colo. 1993), 151 F.R.D. 125, 126." Id. at 203.
 {¶ 13} The Dennis court also noted:
 {¶ 14} "Ohio's Civ.R. 26(B)(3), like the federal rule * * *, only protects work-product, [prepared] `in anticipation of litigation.' The rule does not protect the ordinary work-product of an underinsured motorist carrier during the initial investigation of a claim made by one of its insureds." Id.
 {¶ 15} Although the issue in Dennis was the deposition of the insurer's claims adjuster, the appellate court noted that in addition to deposing the claims adjuster, federal courts have also allowed the insured access to the claims file. The rationale underlying these federal cases is that in a first party claim, an insurance company has a routine duty to investigate accidents and, thus, such materials generated are not prepared in anticipation of litigation but prepared in the ordinary course of business. As noted by the court in Taylor v. Travelers Ins. Co.,183 F.R.D. at 71-72:
 {¶ 16} "In determining whether the materials are prepared in the ordinary course of business or are work product prepared in anticipation of litigation, the facts of each case must be carefully reviewed because `at a certain point an insurance company's activity shifts from the ordinary course of business to anticipation of litigation.' (Citations omitted.) * * *
 {¶ 17} "The present case represents a first party action between the plaintiffs and their insurance carrier. Travelers has not demonstrated that the materials sought were prepared with an eye toward litigation. More specifically, it has not shown that the materials were prepared after it rejected plaintiffs' claim or had firmly decided to do so. The materials were merely prepared in the ordinary course of the insurance business in an attempt to aid the defendant in an evaluation of plaintiffs' claim."
 {¶ 18} In making the determination as to when an insurance company's investigation of a claim may shift from an ordinary business activity to "anticipation of litigation," the court in Weitzman v.Blazing Pedals, Inc., 151 F.R.D. at 127, noting that there is no bright line between these two types of activity in all cases, stated:
 {¶ 19} "The party resisting discovery has the burden of demonstrating that the document was prepared or obtained in order to defend the specific claim which already had arisen and, when the documents were prepared or obtained, there was a substantial probability of imminent litigation over the claim, or a lawsuit already had been filed. (Citations omitted.)"
 {¶ 20} Both documents appellee sought, save one five word notation[3] The[4] in the adjuster's claims file, were generated before the complaint in this case was filed. Under these circumstances, Owners has not shown that the documents were prepared after it rejected appellee's claim or had decided to do so. The documents were merely prepared in the ordinary course of the insurance business in an attempt to aid appellee in an evaluation of appellee's claim. Thus, the trial court did not abuse its discretion in denying Owner's motion for protective order and in granting appellee's motion for discovery.
 {¶ 21} Accordingly, appellant's single assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.
[1] The adjuster's daily log contained entries from June 28, 1999 through December 12, 2000.
[2] {¶ a} Civ.R. 26 provides in part:
{¶ b} "(B)(3) Trial preparation: Materials. Subject to the provisions of subdivision (B)(4) of this rule, a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor. * * *."
[3] The five word notation.
[4] was "New list received from PH."