JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Progressive Specialty Insurance Company ("Progressive"), appeals the judgment of the Cuyahoga County Common Pleas Court denying its motion for a protective order and ordering Progressive to disclose the address of its insured. For the reasons that follow, we reverse.
 {¶ 2} On January 6, 2002, plaintiffs-appellees, Dennis Clements and Kathleen Lamorte, were traveling by motor vehicle on Interstate 75 in Tennessee when they were struck by a motor vehicle operated by Progressive's insured, Duane Rife ("Rife"). Apparently Rife gave a copy of his insurance card issued by Progressive to Lamorte, the owner of the vehicle, but did not give his address or any other identifying information.[1]
The only information contained on the insurance card, besides the name of the insurer, was the policy number and a toll-free telephone number for claims.
 {¶ 3} Shortly after the accident, Progressive adjusted the property damage sustained by the Lamorte vehicle. According to Clements and Lamorte, later asserted claims for personal injury, however, were refused because Progressive believed their claims were barred by Tennessee's one-year statute of limitations.[2]
 {¶ 4} In August 2003, after retaining different counsel, Clements and Lamorte instituted the within discovery action against Progressive pursuant to Civ.R. 34(D) and R.C. 2317.48. Clements and Lamorte sought the disclosure of certain identifying information about Rife, including his address, telephone number, date of birth, social security number and driver's license number. They claimed that they could not pursue a personal injury action against Rife without this information.
 {¶ 5} Progressive moved for a protective order. Relying onKraus v. Maurer (2000), 138 Ohio App.3d 163, Progressive argued that it was not the duty of an insurer to assist potential plaintiffs in instituting civil actions against one of its insureds. Clements and Lamorte opposed the motion arguing that the information it sought was not protected by any privilege and otherwise argued that Kraus was not dispositive. The trial court denied Progressive's motion, stating:
 {¶ 6} "* * * Pursuant to Ohio Rule of Civil Procedure 34, [Progressive] is ordered to produce [Rife's] address only. [Progressive] does not have to produce a claims file or other information but only the address. Moreover, [Rife] waived any privilege to the above information by giving [Clements and Lamorte] his name and a copy of his insurance card at the scene of the accident. * * *" {¶ 7} Progressive is now before this court and asserts in its sole assignment of error that the trial court erred in issuing this ruling.
 {¶ 8} Civ.R. 34 governs the production of documents, in general, and subsection (D), in particular, governs pre-suit discovery actions. This section authorizes a person who claims to have a potential cause of action to petition the court to obtain discovery. The court thereafter is required to issue an order authorizing the release of the requested discovery only if the court finds that (1) "[t]he discovery is necessary to ascertain the identity of a potential adverse party;" (2) "[t]he petitioner is otherwise unable to bring the contemplated action;" and (3) "[t]he petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."
 {¶ 9} R.C. 2317.48 also governs actions for discovery and provides, in relevant part:
 {¶ 10} "When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. * * *"
 {¶ 11} Relying on Kraus v. Maurer, 138 Ohio App.3d 163, Progressive contends that it has no duty to disclose identifying information about Rife. In that case, an injured party sought identifying information about an insured from the insurer's claims file so that the injured party could perfect service on a complaint for personal injury. In concluding that the claims file was not subject to discovery in the absence of a claim of bad faith or for prejudgment interest, the Kraus court was unwilling "to impose a duty upon insurers to actively assist plaintiffs in civil actions in obtaining service on the insured's customers who are named defendants." Id. at 167.
 {¶ 12} Clements and Lamorte, on the other hand, maintain that the disclosure of Rife's address satisfies Civ.R. 34(D)(3)(a) because it is discovery "necessary to ascertain the identity of a potential adverse party." We disagree. The identity of the adverse party, Rife, is already known, and has been known since, at the very least, the property damage adjustment sometime in January 2002. It is identifying information about Rife that Clements and Lamorte seek. Central to both the rule and statute is the inability of the petitioner to file his or her complaint because information vital to its filing is unknown, thus entitling the petitioner to discovery of the unknown information. Contrary to their argument, Clements and Lamorte have not demonstrated that they are prevented from bringing an action against Rife. The rules of civil procedure in many states provide for the filing of complaints, and the service of process, where the address of a defendant is unknown.[3]
 {¶ 13} On the contrary, Clements and Lamorte seek Rife's identifying information from Progressive so that they can determine if they are capable of bringing a personal injury action in Rife's home state. They argue that, although they may be time-barred from filing an action in Tennessee, an action in Rife's home state may still be a viable option. Without Progressive disclosing Rife's home address, they claim that they are unable to file a complaint. We disagree. Absent a showing otherwise, we are unwilling to unabashedly state that an injured party is prevented from bringing a civil action against an alleged tortfeasor because the latter's address is unknown and is, therefore, entitled to discovery of this information from the tortfeasor's insurer.
 {¶ 14} Having been foreclosed from pursuing an action in Tennessee, the place where the accident occurred, Clements and Lamorte seek information regarding Rife's residence state in hopes that the laws of that state do not prohibit them from pursuing a civil action against Rife there.[4] Although this may be a logical legal course to pursue, it does not follow that discovery of Rife's address from his insurer satisfies the requirements of Civ.R. 34(D) or R.C. 2317.48 so as to require Progressive to disclose this information. Indeed, as we have discussed, it does not. Rife's address is not akin to ascertaining his identity because his identity is already known. Nor were Clements and Lamorte foreclosed from filing suit in some state merely because they lacked an address for Rife.
 {¶ 15} Consequently, the trial court erred in denying Progressive's motion for a protective order and ordering Progressive to disclose Rife's address. Progressive's sole assignment of error is well taken and is sustained.
Reversed.
Cooney, P.J., and Calabrese, Jr., J., Concur.
[1] According to Clements and Lamorte, Rife may have stated that he was moving from Illinois to Florida. The check issued by Progressive to Lamorte for the damage to her vehicle coded Indiana as the state, however.
[2] See Tenn. Code Ann. 28-3-104.
[3] Moreover, Tennessee authorizes service of process upon its Secretary of State as a privilege of using its highways when a nonresident owner of a motor vehicle is involved in an accident in its state. See Tenn. Code Ann. 20-2-203(a)(1).
[4] But, see, Fla.Stat. 95.10, which prohibits the filing of a civil action in Florida against a Florida resident defendant when the statute of limitations in the state where the cause of action accrued has expired.