OPINION
{¶ 1} Defendants-appellants Auglaize Farmers Coop. ("AFC") and Farmland Mut. Ins. Co. ("FMI") bring these appeals from the judgments of the Court of Common Pleas of Auglaize County ordering the disclosure of two exhibits to plaintiffs-appellees Steve Schrolucke, Clyde Wessel, and Christine Wessel.
 {¶ 2} On August 14, 2003, Schrolucke and Clyde Wessel were employed by AFC. On that day a grain dust explosion and fire occurred at the New Bremen facility. Schrolucke and Clyde Wessel were injured in the incident. On August 16, 2004, the Wessels filed a complaint alleging that AFC had committed an intentional tort against Clyde Wessel. AFC filed its answer on August 31, 2004, denying the allegations. In February 2005, the Wessels served a subpoena to FMI requesting documents contained within the claim file created by FMI and AFC. On March 17, 2005, AFC filed a motion to quash or for the granting of a protective order to prevent the disclosure of the documents in the insurance claims file. The Wessels filed their motion in opposition of the motion to quash on March 28, 2005. On March 31, 2005, the Wessels filed a motion to amend their complaint in order to join additional parties. Leave to amend was granted on April 1, 2005, and the amended complaint was filed that same day. The amended complaint alleged that AFC had committed an intentional tort, that FMI had negligently performed "loss control services," and that defendants Emerson Power Transmission and The Timken Company provided defective products to AFC. On April 19, 2005, AFC filed its amended answer. FMI filed its answer on May 18, 2005.
 {¶ 3} On April 1, 2005, Schrolucke filed his complaint making the same allegations as made by the Wessels. AFC filed its answer on April 29, 2005, with FMI filing its answer on May 18, 2005. On May 25, 2005, the trial court ordered that Schrolucke's case be consolidated with the Wessel's case and that all further filings would be in Schrolucke's case.
 {¶ 4} On May 18, 2005, an in camera inspection occurred on the documents claimed to be privileged by AFC and FMI. The trial court ruled on May 24, 2005, that all documents, except amended exhibits 8 and 9, were subject to the attorney-client privilege and were not discoverable. Amended exhibits 8 and 9 were ordered disclosed to the parties.[1] AFC and FMI both appeal from this judgment. AFC raises the following assignments of error.
The trial court erred as a matter of law in finding that thedocuments contained in Amended Exhibit 8 and Exhibit 9 are notprotected from disclosure by the attorney-client and/orwork-product doctrine.
 The trial court abused its discretion in ordering disclosedthe documents contained in Amended Exhibit 8 and Exhibit 9,because those documents are absolutely protected from discoveryby attorney-client privilege.
 The trial court abused its discretion in finding the documentscontained in Amended Exhibit 8 and Exhibit 9 are not protected bythe work-product doctrines.
 {¶ 5} FMI raises the following assignment of error.
The trial court erred as a matter of law in finding thatcopies of the documents contained in Amended Exhibit 8 andExhibit 9 are not protected from disclosure by theattorney-client privilege and/or work-product doctrine.
 {¶ 6} The assignments of error of both parties allege two separate arguments. First, the documents are covered by the attorney-client privilege. Second, the parties claim that the documents are covered by the work-product rule. The Ohio Supreme Court ruled in In re Klemann that reports from an insured to an insurer made for use in defending a possible lawsuit are protected by the attorney-client privilege. In re Klemann
(1936), 132 Ohio St. 187, 193, 5 N.E.2d 492. The court held that "[w]here an insurer receives a report from its insured concerning a casualty covered by its policy of insurance, such report becomes the property of the insurer and subject to its complete control; and, when the insurer transmits it to its counsel for the purpose of preparing a defense against a possible lawsuit growing out of such casualty, such report constitutes a communication from client to attorney and is privileged against production and disclosure[.]" Id. at 194. This ruling was subsequently applied to statements made to an insurer and communications logs kept by the insurer as part of the claims file. Breech v. Turner (1998), 127 Ohio App.3d 243,712 N.E.2d 776. Generally, the contents of a claims file are not discoverable absent an insured's claim of bad faith against the insurer or a claim for prejudgment interest. See Garg v. StateAuto Mut. Ins. Co., 155 Ohio App.3d 258, 2003-Ohio-5960,800 N.E.2d 757; Dennis v. State Farm Ins. Co. 143 Ohio App.3d 196,2001-Ohio-3178, 757 N.E.2d 849 (holding that material in the insurer's claims file is protected from discovery by third parties, but not from bad faith claims by the insured); andKraus v. Maurer (2000), 138 Ohio App.3d 163, 740 N.E.2d 722
(holding that it is abundantly clear that claims files are protected by both the attorney-client privilege and work-product rule).
 {¶ 7} In this case, the insured is not filing a bad faith claim against the insurer. Additionally, the plaintiffs have not yet won a judgment that would entitle them to seek prejudgment interest, thus, the contents of the file are not subject to discovery absent a showing of good cause. Civ.R. 26(B)(3). Good cause requires a showing of substantial need for the information and that it cannot be obtained elsewhere without undue hardship. Here, the good cause claimed by appellees for obtaining the adjuster's log is that there may be summaries of statements made by witnesses in the material that may go to their credibility. Statements taken by an insurer in preparation of a defense to a lawsuit are protected by the attorney-client privilege under Ohio law. Hunter v. Wal-Mart Stores, Inc., 12th Dist. No. CA2001-10-035, 2002-Ohio-2604, at ¶ 37. If witness statements are desired, there are numerous other sources for obtaining them, such as police reports. In addition, appellees could depose the potential witnesses. Thus, no substantial need for the documents has been shown. The trial court erred by requiring the insurance company to turn over documents inside the claims file prepared in anticipation of litigation. The assignments of error are sustained.
 {¶ 8} The judgments of the Court of Common Pleas of Auglaize County are reversed and the matter remanded for further proceedings.
Judgments reversed and cause remanded.
 Rogers and Shaw, JJ., concur.
[1] Amended exhibit 8 is the insurance adjuster's log and amended exhibit 9 is a series of photographs.