[Cite as *Speece v. Speece*, 2017-Ohio-7950.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| MARCIA SPEECE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0100** |
| BRYAN SPEECE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2015 DC 00460.

Judgment: Affirmed.

*Joseph G. Stafford*, Stafford Law Co., L.P.A., 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellee).

*John V. Heutsche*, John V. Heutsche Co., L.P.A., Hoyt Block Building, 700 West St. Clair Avenue, Suite 220, Cleveland, OH 44113-1274; and *Elaine Tassi*, 34955 Chardon Road, Willoughby Hills, OH 44094 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Bryan Speece, appeals from the October 25, 2016 judgment entry of the Geauga County Court of Common Pleas, denying his motion for a protective order, issued in the pending divorce proceedings between appellant and appellee, Marcia Speece.   For the following reasons, the trial court's judgment is affirmed.

{¶2} During their marriage, the parties derived most of their income from EnTech Ltd. Appellant is the sole owner of EnTech. On April 11, 2016, appellee filed a motion to appoint an expert witness to conduct a business evaluation and forensic accounting of EnTech. Appellee contended this information was necessary in order to identify appellant's income and to have an expert assign a value to the business. The trial court granted the motion, ordering both parties to cooperate in the evaluation and accounting. Appellee's expert witness requested numerous documents from appellant in order to perform the evaluation and accounting, including EnTech's financial records, client lists, and Non-Disclosure Agreements ("NDAs"). Appellant produced some of the requested documents; he refused, however, to release certain documents until a protective order was executed by the parties and counsel. Appellant argued those documents were confidential and their release could expose EnTech to liability.

{¶3} On May 2, 2016, a magistrate's order was issued, which ordered the parties to execute an agreed protective order by May 9, 2016, with regard to information related to EnTech. Within three days of filing the protective order, appellant was to provide appellee with the requested documents. Appellant was also to provide appellee with copies of NDAs within seven days of filing the protective order. Appellant was permitted to redact anything necessary to remain in compliance with the NDAs. If no agreed protective order was reached on or before May 9, 2016, the magistrate instructed counsel for appellant to contact the court and request a telephone conference. The magistrate also ordered appellee to respond to appellant's request for production of documents and that the parties be deposed on alternate days. There is no indication in the record that an agreed protective order was reached by May 9, 2016.

{¶4} On August 15, 2016, the magistrate ordered that, on or before August 19, 2016, appellant was to produce the requested documents to appellee's counsel. The magistrate enumerated the items appellant was to produce and identified which items were deemed confidential. The magistrate provided protection for the confidential items by ordering that all documents deemed confidential and any reports generated from those documents were prohibited from disclosure to individuals other than the parties, counsel, expert witnesses identified in the matter, and the court. The magistrate further provided that any additional documents appellant wished to have identified as confidential would be considered confidential in the event the parties agreed in writing to keep them confidential. The magistrate also determined there existed NDAs that contained information appellant was obligated to keep confidential. The magistrate ordered that, on or before August 25, 2016, appellant was to provide those NDAs, under seal, to the magistrate, and that they were not to be filed with the clerk of courts. Upon review of those documents, the trial court would determine whether any portion of the documents should be redacted and how they could be used. The magistrate ordered appellant to appear for deposition on September 17, 2016, and ordered appellee to appear for deposition on September 25, 2016.

{¶5} On August 25, 2016, appellant filed a motion to set aside the magistrate's August 15, 2016 order. Appellant argued, in pertinent part, that the magistrate's order did not adequately protect confidential information and allowed exposure of confidential information to appellee's expert witness without any written agreement from the witness to keep the information confidential.

{¶6} The trial court entered judgment on September 12, 2016, denying appellant's motion to set aside the August 15, 2016 magistrate's order. The court ordered appellant to produce the documents set forth in the magistrate's order by September 16, 2016. The court also ordered appellant to provide a copy of any confidentiality agreements or NDAs he claimed were confidential for an in camera review on or before September 16, 2016.

{¶7} The materials ordered in the September 12, 2016 judgment entry were delivered to appellee's counsel on September 16, 2016. Appellant maintains the NDAs were delivered to the court.

{¶8} Appellant was deposed on September 17, 2016, but appellant's counsel terminated the deposition after appellee's counsel sought to obtain confidential information about EnTech.

{¶9} On September 21, 2016, appellant filed a "Motion to Limit Examination, Motion for Protective Order enjoining the dissemination of Bryan Speece deposition transcript, video and audio and requiring the same to be filed under seal." Appellant requested that the court enter a protective order, and also requested an order (1) limiting the scope of examination of defendant during his deposition; (2) enjoining any person from disseminating the September 17, 2016 deposition transcript; (3) requiring the deposition transcript to be filed under seal and marked "confidential-to be opened only by court order;" (4) prohibiting questions pertaining to certain subject areas; (5) adhering to previous orders concerning the time allotted to depose each party; and (6) stipulating that all depositions be conducted in a manner suitable to the legal profession. Appellant maintained that a protective order sealing the deposition transcript was

necessary because during his deposition appellee's counsel bullied and attempted to humiliate him in order to extract confidential information about a pending federal lawsuit between EnTech and appellee. Attached to the motion was an affidavit from appellant; however, appellant did not provide the trial court with a copy of the September 17, 2016 deposition transcript or a statement showing the efforts made to resolve the dispute.

{¶10} Prior to the trial court's ruling on his September 21, 2016 motion for a protective order, appellant filed a second motion for a protective order on October 17, 2016, entitled, "Motion for Protective Order enjoining Plaintiff and her counsel from inquiring of Bryan Speece any issue covered by his Non-disclosure agreements." In the October 17, 2016 motion, appellant stated, "[d]efendant renews the motion for a protective order filed September 21, 2016." However, this October motion appears to be an entirely new request for a protective order, because appellant did not file a motion to amend his September 21, 2016 motion. Appellant argued that the NDAs prevented him from discussing certain confidential information, considered trade secrets. Appellant maintained that discussion of the information could expose him to liability.

{¶11} On October 25, 2016, the trial court entered a decision, stating it denied the motion "filed by defendant * * * on September 21, 2016." The judgment entry states the trial court denies "Mr. Speece's 'Motion to Limit Examination Motion for Protective Order enjoining the dissemination of Bryan Speece deposition transcript, video and audio and requiring the same to be filed under seal.'" The trial court's decision and judgment entry make no reference to appellant's October 17, 2016 motion. That motion is still pending in the trial court.

5

{¶12} On November 18, 2016, appellant filed a timely appeal from the trial court's October 25, 2016 decision.

{¶13} Appellant asserts two assignments of error on appeal:

[1.] The trial court committed error prejudicial to Appellant by failing to provide any protection from the disclosure of non-parties' confidential information and trade secrets thereby exposing Appellant to liability.

[2.] The trial court committed error prejudicial to Appellant in denying Appellant's motions for protective order dated September 21, 2016, and dated October 17, 2016.

{¶14} We review appellant's assignments of error together. Because appellant's second motion for a protective order filed October 17, 2016, has not been ruled upon and is still pending in the trial court, we will not consider appellant's arguments as they pertain to that motion. Our analysis is confined to the trial court's denial of appellant's first motion for a protective order, filed September 21, 2016.

{¶15} Appellant argues the trial court erred in denying his motion for a protective order because the deposition testimony he sought to protect included discussion of trade secrets, which should have been protected pursuant to Civ.R. 26(C)(7). In opposition, appellee argues that appellant has failed to provide evidence to support his claim that the information constitutes trade secrets under R.C. 1333.61.

{¶16} Civ.R. 26(C) governs protective orders and provides, in pertinent part:

Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: * * * (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified

documents or information enclosed in sealed envelopes to be opened as directed by the court.

* * *

Before any person moves for a protective order under this rule, that person shall make a reasonable effort to resolve the matter through discussion with the attorney or unrepresented party seeking discovery. A motion for a protective order shall be accompanied by a statement reciting the effort made to resolve the matter in accordance with this paragraph.

{¶17} The trial court has discretionary power in the regulation of discovery, and its decisions will not be overturned absent an abuse of that discretion. *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996) (citations omitted). "Such discretion, however, is not without limits." *Id.* "'An appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights.'" *Id.*, quoting *Rossman v. Rossman*, 47 Ohio App.2d 103, 110 (8th Dist.1975).

{¶18} R.C. 1333.61(D) defines a trade secret, in relevant part, as:

[I]nformation, including * * * any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:

(1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Pursuant to R.C. 1333.65, "a court shall preserve the secrecy of an alleged trade secret by reasonable means that may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action,

7

and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval."

**{¶19}** The Supreme Court of Ohio has established a six-factor test for determining whether information constitutes a trade secret pursuant to R.C. 1333.61:

> (1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, *i.e.*, by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value of the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 80 Ohio St.3d 513, 524-525 (1997); *see also 84 Lumber Co., L.P. v. Houser*, 188 Ohio App.3d 581, 2010-Ohio-3683, ¶63 (11th Dist.).

**{¶20}** "A possessor of a potential trade secret must take some active steps to maintain its secrecy in order to enjoy presumptive trade secret status, and a claimant asserting trade secret status has the burden to identify and demonstrate that the material is included in categories of protected information under the statute." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 181 (1999), citing *Plain Dealer, supra,* at 525; *see also Ramun v. Ramun*, 7th Dist. Mahoning No. 08 MA 185, 2009-Ohio-6405, ¶31 (citations omitted) ("The burden of showing that testimony or documents are confidential or privileged rests with the party seeking to exclude it.").

**{¶21}** Appellant's September 21, 2016 motion for protective order requested that the trial court file appellant's September 17, 2016 deposition testimony under seal. However, appellant did not provide the trial court with a copy of the deposition transcript

8

or any other evidence to support that the information sought to be protected constitutes information that should be protected. Appellant provided the trial court with an affidavit, but none of the sworn testimony supports appellant's contention that the information he seeks to protect constitutes information that should be protected. Appellant has failed, both in the trial court and on appeal, to offer any evidence or argument in support of his claim.

{¶22} Appellant maintains that filing the deposition transcript unsealed would have amounted to dissemination and publication of the confidential information he was seeking to protect. However, there is no indication in the record that appellant requested an in camera review of the deposition transcript or provided any other evidence in support of his claim. Without any evidence before it, the trial court was unable to determine whether to grant the relief sought by appellant. Accordingly, the trial court found that appellant "failed to provide a transcript or other evidence showing the information sought was a trade secret and entitled to protection." The trial court did not abuse its discretion when it denied appellant's September 21, 2016 motion for a protective order.

{¶23} Moreover, pursuant to Civ.R. 26(C), appellant failed to provide "a statement reciting the effort made to resolve the matter[.]" This failure alone was sufficient reason for the trial court to deny appellant's September 21, 2016 motion for a protective order. *See Dennis v. State Farm Ins. Co.*, 143 Ohio App.3d 196, 200 (7th Dist.2001).

{¶24} While appellant may not have provided the trial court or this court with the appropriate information essential to establish the need for a protective order, there are a

9

few principles to keep in mind when assessing the propriety of issuing a protective order.

{¶25} First, "[d]iscovery has historically never been open to the public. Indeed, noting that discovery proceedings were not open to the public at common law, the United States Supreme Court has held that 'pretrial depositions are not public components of a civil trial.'" *Adams v. Metallica, Inc.*, 143 Ohio App.3d 482, 487 (1st Dist.2001), quoting *Seattle Times Co. v. Rhinehart* 467 U.S. 20, 33 (1984). "'Jurisdictions that require filing of discovery materials customarily provide that trial courts may order materials not be filed or that they be filed under seal.'" *Id.*, quoting *Seattle Times*, *supra*, at 33, fn. 19.

{¶26} Second, the focus of attention in the trial court and the briefing in this case has been on information that might constitute a trade secret. *See* Civ.R. 26(C)(7) (the proponent's obligation is to set forth a basis to establish that the information sought to be protected is "a trade secret or other confidential research, development, or commercial information"). However, Civ.R. 26(C) anticipates application of a protective order to a broad range of information, not just to trade secrets.

{¶27} Third, while the burden is initially on the party proposing the need for the order, the "trial court must balance the competing interests to be served by allowing discovery to proceed against the harm which may result." *Arnold v. Am. Natl. Red Cross*, 93 Ohio App.3d 564, 576 (8th Dist.1994) (citation omitted). In this case, while appellee and her expert may be entitled to the information from EnTech in order to arrive at a value for the marital asset, appellee has not provided a reason that suggests a need for her, her expert, or her attorney to view the information without restriction.

10

{¶28} The trial court ordered the parties to reach an agreement regarding the protective order. While it is not clear from the record why the parties failed to reach an agreement in this regard, that failure should not impede the court's consideration. Otherwise, an opposing party could always thwart the objective simply by refusing to agree to otherwise reasonable terms. Here, while it appears the competing interests would weigh heavily in favor of granting a protective order, as there does not appear to be any harm that would be caused to appellee in doing so, the record does not contain sufficient information for this court to determine appellant is entitled to the order he seeks. Absent such information, we cannot say the trial court abused its discretion.

{¶29} Appellant's assignments of error are without merit.

{¶30} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

11